IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOYCE CAMPBELL,  )
      Plaintiff,  ) No. 06 C 4880
)
vs. )
) Magistrate Judge
NATIONAL RAILROAD PASSENGER ) Arlander Keys
CORPORATION, )
)
      Defendant. )

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Defendant National Railroad Passenger Corporation's Motion for Summary Judgment. Fed. R. Civ. P. 56. Defendant argues that Plaintiff Joyce Campbell, its former employee, has not presented sufficient evidence to enable a jury to infer that her purported injuries were caused by Defendant's negligence, under the Federal Employer's Liability Act, 45 U.S.C. §§ 52-60. For the reasons set forth below, Defendant's Motion is Granted.

**BACKGROUND FACTS**

Plaintiff began working for Defendant in 1976 as a coach cleaner on Amtrak trains in Chicago's Union Station and Amtrak's 14th Street Facility. Plaintiff cleaned up to three cars per day on "turnaround trains," which required her to clean passenger areas, seats and cushions, tray tables, washrooms, windows, doors, floors and carpets, as well as remove and replace garbage bags.

Over the years, Ms. Campbell also performed periodic maintenance on trains, which involved working as a part of a team of six coach cleaners who performed a more thorough cleaning of the train cars. However, Ms. Campbell spent most of her career cleaning turnaround trains, as opposed to periodic maintenance.

From 1976 to 1990, while walking between trains and cars in the yard at the 14th Street Station, Plaintiff was required to walk on ballast. This changed in 1990, when Plaintiff walked on a cement platform in the 14th Street Station yard.

Ms. Campbell concedes that, at the start of each shift, workers attended safety meetings and discussed safety rules of the day. In addition, Plaintiff attended in-house classes, which taught her additional skills to do her job. This included the Smart Move program, which taught her different ways to lift and pull. In addition, at her deposition, Ms. Campbell admitted that she never complained to her supervisor that her shoulder hurt, and she never completed an accident report. Ms. Campbell was not sure what caused her back pain, but believes that her bunion could have been caused by walking.

However, Ms. Campbell claims that she frequently required and requested additional equipment when cleaning the diners, and that she told supervisor Mike Voight that she required more manpower to properly complete her work.

Ms. Campbell filed the present suit on September 8, 2006, alleging that she was exposed to excessive, cumulative trauma throughout the course of her employment with Defendant. Ms. Campbell further alleges that Defendant negligently failed to inform Ms. Campbell of the risks of performing repetitive tasks; failed to properly train Ms. Campbell regarding proper ergonomics; and failed to provide adequate equipment and sufficient manpower to perform her job.

## DISCUSSION

### I. Summary Judgment Standards

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) ; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To survive summary judgment, the non-moving party must offer more than "mere conclusory" allegations. *Nowak v. St. Rita High School*, 142 F.3d 999, 1002 (7th Cir. 1998). *See also Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (The non-moving party must offer more than a "metaphysical doubt

as to the material facts.") The non-moving party will lose on summary judgment if he cannot present sufficient evidence to support each element of his case for which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. Moreover, the Court will disregard all facts not properly supported by the record. *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997).

Local Rule 56.1(b) directs a party opposing a motion for summary judgment to file a concise response to the movant's statement, which should include "a response to each numbered paragraph in the moving party's statement," including "specific references to the affidavits, parts of the record, and other supporting materials relied upon." (L. R. 56.1(b)(3)(A)). Failure to comply with the Local Rule may result in the paragraphs with inadequate responses being deemed admitted. *Michas v. Health Cost Controls of Illinois, Inc.*, 209 F.3d 687, 689 (7th Cir. 2000). The Seventh Circuit has "repeatedly held that a district court is entitled to expect strict compliance with [Local] Rule 56.1" *Ammons v. Aramark Unif. Servs. Inc.*, 368 F.3d 809, 817 (7th Cir. 2004) (noting that substantial compliance does not constitute strict compliance.)

In the instant case, Plaintiff has elected to contest some of Defendant's Rule 56 Statements of Fact, not in her Rule 56 Response, but instead within the text of her Brief filed in

4

Response to Defendant's Motion for Summary Judgment. This lack of compliance with the local rules is unacceptable; those facts not denied and supported by citations to the Record within Plaintiff's Rule 56 Statement are deemed admitted. *See Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2004) ("Rule 56.1(b)(3)(B) provides the only acceptable means of . . . presenting additional facts.")(citations omitted).

## II. The Federal Employers' Liability Act

Plaintiff sued Defendant under the FELA, which enables railroad employees to recover for injuries "resulting in whole or in part from the negligence" of the railroad or its agents. 45 U.S.C. § 51. "The quantum of evidence necessary to establish liability under the FELA is lower than that required in an ordinary negligence action. . . . Nevertheless, because the FELA is not a strict liability statute, plaintiffs still must prove the traditional common law elements of negligence, including: 1) foreseeability; 2) duty; 3) breach; and 4) causation. *Fulk v. Illinois C R.R. Co.*, 22 F.3d 120, 124 (7th Cir. 1994) (a FELA plaintiff need only demonstrate that "employer negligence played any part, even the slightest in producing the injury for which damages are sought.")

Critical to the FELA plaintiff's case is some evidence of a causal connection between the employer's negligence and the plaintiff's injury. *Schmaltz v. Norfolk & W Rwy. Co.*, 896 F.

Supp. 180, 182 (N.D. Ill. 1995). "[U]nless the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile," expert testimony is required to establish the causal connection between the railroad's negligence and the injury at issue. *Schmaltz*, 896 F. Supp. at 182.

Defendant argues that Plaintiff has failed to present any evidence that Amtrak negligently failed to modify her assignments; that Defendant had notice of Plaintiff's difficulties; that Plaintiff's injuries were foreseeable; or of causation. The Court will limit its discussion to the issue of causation, as it is clearly dispositive in this case.

Even under the highly deferential standards of the FELA, *Fulk v. Illinois Cent. R. Co.*, 22 F.3d 120, 124 (7th Cir. 1994), Plaintiff's claim must fail because she has failed to produce any reliable evidence that Defendant's negligence caused her injuries. *See Walden v. Illinois Cent. Gulf R.R.*, 975 F.2d 361, 364 (7th Cir. 1992) ("The FELA is not a workmen's compensation act; causation must still be proved."). The only evidence that Plaintiff offers to establish that Defendant's negligence caused (or even contributed) to her bunion, right rotator cuff tear, and chronic sore back is her own, somewhat equivocal testimony. *See, e.g.*, Plaintiff's Dep. at pp. 8990 (admitting that Plaintiff is not certain specifically what jobs she performed for Defendant that would have caused her back pain).

Despite the fact that Plaintiff has received medical treatment for these purported injuries over the years (see, e.g., Plaintiff's Dep. at pp. 76-79) she failed to submit any expert testimony linking her injuries to the complained of conditions at her work. Unfortunately for Plaintiff, this is precisely what the FELA requires in a case, such as this one, where the causal connection between a defendant's purported negligence and the plaintiff's alleged injuries are less than clear to a layman. *See Guerrieri v. Metra and Nat'l. R.R. Passenger Corp.*, No. 06 C 2456, 2007 WL 3223337, at *5 (N.D. Ill. Oct. 29, 2007)("[t]he causal relationship between performing yard cuts, walking on ballast, or doing other electrical repairs on railroad cars and Guerrieri's hip injury is not obvious to laymen. Without expert testimony, Guerrieri cannot establish that his hip condition was caused by his job duties at Amtrak or Metra."); *Denton v. Northeast Illinois Regional Commuter R. R. Corp.*, No. 02 C 2220, 2005 WL 1459203 at *5 (N.D. Ill. June 16, 2005) (granting summary judgment on the plaintiff's FELA claim, because she did not offer expert testimony regarding causation, and "[t]he existence of a causal relationship between exposure to molds, fungi and bacteria and the medical conditions claimed by [plaintiff] is not obvious to lay people.")

Because Ms. Campbell has failed to produce any admissible

evidence to support a necessary element of her FELA claim, summary judgment is warranted.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is Granted. Plaintiff has failed to point to evidence giving rise to the inference that Defendant's negligence caused her injuries, as is required by the FELA.

DATE: March 27, 2008        ENTERED:

*[signature: Arlander Keys]*
Judge Arlander Keys
United States Magistrate Judge